EdiZONE, LLC
Casey K. McGarvey (4882)
123 East 200 North
Alpine, Utah 84004
(801) 936-1039
casey@edizone.com

Attorney for Plaintiff,
EdiZONE, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| EDIZONE, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DOVER SADDLERY, INC., a Delaware or Massachusetts corporation, and DOES 1 – 50,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br><br>Case No.: 2:12-cv-01108-BSJ<br><br>Judge Bruce S. Jenkins |

EdiZONE, LLC, Plaintiff, hereby alleges and claims against Defendants, Dover Saddlery, Inc., and Does 1 – 50, as follows:

PARTIES, JURISDICTION & VENUE

1.      Plaintiff, EdiZONE, LLC (hereafter "EdiZONE"), is a Delaware limited liability company with its principle place of business in Alpine, Utah.  EdiZONE is the current owner of the patent referenced below.

2.      On information and belief, EdiZONE believes the following as to each of the Defendants:

1

      a.      Defendant Dover Saddlery, Inc. (hereafter "Dover") is either a Delaware or Massachusetts corporation with its principle place of business in Littleton, Massachusetts. Dover sells and distributes various products, including saddle pad products with a gel cushioning element, throughout the United States of America, including in the State of Utah.

      b.      Defendants Does 1 – 50 are entities or individuals who have made wholesale purchases of DOVER's accused saddle pad products with a gel cushioning element, identified below, for retail sale to consumers within the United States of America, or who are otherwise liable to EdiZONE for patent infringement as alleged herein, and leave will be sought hereafter to bring them into this action as deemed necessary or appropriate and/or their identities become known.

3.      On information and belief, Defendants conduct business in the State of Utah and/or otherwise have substantial contacts with Utah and avail themselves of the benefits and protections of Utah law by shipping, distributing and/or selling products in the stream of commerce with the intent that they are sold to consumers within the State of Utah. Each Defendant has committed patent infringement within the State of Utah in violation of the laws of the United States of America.

4.      This Court has personal jurisdiction over the Defendants.

5.      Subject matter jurisdiction and venue are founded upon one or more of 28 U.S.C. §§ 1331, 1332(a), 1338(a), 1391 and 1400(b).

## GENERAL ALLEGATIONS

6.      Defendants are selling, or with actual or constructive knowledge are inducing other Defendants to sell, within the United States of America saddle pad products that include a

gel cushioning element, which products are believed to include, but may not be limited to, the following products currently listed on Dover's website: Alfa Gel Honeycomb Gel Half Pad; Grand Prix Soft Gel Half Pad; Rider's International Soft Gel Half Pad; Acavallo Anatomic Channel Gel Pad; Acavallo Wither Gel Pad; and Acavallo Rear Riser Pad (collectively, the "PRODUCTS").

7. After receiving notice that the PRODUCTS infringe upon a patent owned by EdiZONE, Defendants have refused to cease and desist their unlawful conduct and/or have refused to pay to EdiZONE fair compensation for all past, present and future use of the intellectual property owned by EdiZONE.

8. EdiZONE is forced by Defendants' conduct to seek protection of its patent and appropriate compensation from the Defendants.

## CLAIM FOR RELIEF

9. EdiZONE incorporates herein its allegations set forth above in this Complaint.

10. On February 22, 2000, U.S. Patent No. 6,026,527 (the "527 PATENT") issued and thereafter through various assignments is now legally assigned to and owned by EdiZONE.

11. The gel cushioning element of the PRODUCTS read on one or more claims of the 527 PATENT, specifically claims 1 and 33.

12. Defendants have actual notice of the 527 PATENT through notices that have been sent to DOVER and/or, upon information and belief, they have constructive notice through patent markings on other products.

13. Defendants do not have a licensed right to make, have made, use, sell or import, or with actual or constructive knowledge of the 527 PATENT induce others to make, use, sell or import, the PRODUCTS in the United States of America.

14. Accordingly, Defendants are liable for direct infringement and/or for inducing infringement, either literally or through the doctrine of equivalents.

15. Upon information and belief, if not enjoined by the Court, Defendants will continue to infringe the 527 PATENT and/or induce infringement of the 527 PATENT.

16. EdiZONE reserves the right to amend this Complaint to allege that Defendants have acted and are acting willfully and with deliberate disregard of EdiZONE's rights in the 527 PATENT, should there be a basis for such an allegation upon further investigation and discovery.

17. EdiZONE is entitled to recover from Defendants, jointly and severally, monetary damages in an amount not less than a reasonable royalty for all units of PRODUCTS sold. EdiZONE also is entitled to appropriate injunctive relief.

## PRAYER

WHEREFORE, EdiZONE prays for the following relief:

1. A monetary judgment against Defendants, jointly and severally, to compensate EdiZONE for its damages arising from Defendants' patent infringement;

2. Interest, prejudgment and post judgment, on the monetary judgment;

3. Exemplary or treble damages, costs and attorneys' fees as allowed by law;

4. Injunctive relief and any other equitable relief to prevent continuing infringement and damages therefrom; and

5. All such other relief as the Court deems necessary and appropriate.

## JURY DEMAND

EdiZONE demands a trial by jury on all issues so triable.

DATED this 5th day of December, 2012.

          /s/ Casey K. McGarvey
Casey K. McGarvey
Attorney for EdiZONE, LLC